# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

**TITIAN JAYCE SAN NICOLAS EVANGELISTA,**
*aka* **TJ**
*aka* **J**
DOB: 07/20/1986

                                    Defendant.

) CRIMINAL CASE NO. **CF0149-17**
) GPD Report No. 17-07796
)
)
)
)
)
)
)
)
)              **DECISION & ORDER**
)     **RE. PEOPLE'S MOTION TO REVOKE**
)        **DEFENDANT'S PROBATION**
)
)
)
)
)
)
)

This matter came before the Honorable Alberto E. Tolentino on October 22, 2024, for a Revocation Hearing. Defendant Titian Jayce San Nicolas Evangelista ("Defendant") was present with counsel Alternate Public Defender Brycen Breazeale. Assistant Attorney General Aaron Boyce was present for the People of Guam ("People"). During the hearing, the court heard the parties' arguments on the People's Motion to Revoke the Defendant's Probation ("Motion"). Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **GRANTING** the People's Motion to Revoke the Defendant's Probation.

\\

## BACKGROUND

On April 7, 2017, Defendant Evangelista was formally charged with POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony). In this case, the Defendant accumulated a total of ten (10) violations before the People moved for revocation of his probation.

### A. Defendant Evangelista's Violations on Pre-Trial Release

While on pretrial release, the Defendant received five (5) violations from the Adult Probation Office ("Probation"). For the first violation, the report indicated that:

1. Defendant failed to report 3x weekly in person to the Probation Office. The defendant failed to report on April 12, 14 and 17, 2017. The defendant last report on April 10, 2017.

1st Violation Report (Apr. 18, 2017). During the Defendant's Arraignment Hearing, the court addressed this first violation and admonished the Defendant for his failure to report. 2nd Violation Report (May 1, 2017). For the second violation, the report indicated that:

1. Defendant failed to report 3x weekly in person to the Probation Office. The defendant failed to report on April 19, 21, 24, 26 and 28, 2017. The defendant last report on April 10, 2017.

   It worth noting that April 19, 2017 an Arraignment hearing was held before the Honorable Alberto E. Tolentino at which time the 1st Violation Report was addressed. The 1st Violation Report was filed for failing to report 3x weekly in person to the Probation Office as well. The Magistrate Judge admonished the defendant and instructed the defendant to report immediately to the Probation Office. However, the defendant still has not reported.

*Id.* On May 8, 2017, the court addressed this violation as well as a third violation, which Probation reported that same day. Crim. Trial Scheduling Hr'g Mins. at 10:05:06AM (May 8, 2017). For the third violation, the report indicated that:

1. Defendant failed to refrain from possessing and consuming any illegal controlled substances. On Wednesday May 10, 2017, the defendant was ordered to submit to a drug test at which time the test yielded presumptive positive

results for Methamphetamines. The defendant admitted via Declaration to smoking Methamphetamines on Sunday May 7, 2017 at 10:00 p.m.

It is worth noting that this is the defendant's 1st positive drug test while on Pretrial Release.

3rd Violation Report (May 10, 2017). The court addressed this violation during the Defendant's Return of Warrant hearing on May 11, 2017. However, Probation filed a fourth violation against the Defendant less than a month later. For the fourth violation, the report indicated that:

1. Defendant failed to report 3x a week in person to the Probation Office. The defendant failed to report on May 12, 15, 17, 19, 22, 24, 26 and 30, 2017. The defendant last reported on May 10, 2017.

4th Violation Report (May 31, 2017). On June 19, 2017, the court issued a warrant for the Defendant's arrest, which was eventually returned on October 24, 2017. The court committed Defendant Evangelista to the Department of Corrections ("DOC"). While the Defendant was committed, the Adult Drug Court I Program declared him clinically eligible to participate in the program. Since his release on December 4, 2017, the Defendant made progress without violations until August 21, 2018. On that date, Probation filed a fifth violation indicating that:

Defendant failed to refrain from possessing and consuming any illegal controlled substances. On August 13, 2018, the defendant submitted to a drug test at the probation office. The test result yielded presumptive positive for methamphetamines. The defendant denied any drug use and the sample was secured and sent to the lab for confirmatory testing. On August 20, 2018, the Probation Office received the results which returned back positive for amphetamine and methamphetamine. Please see attachment.

It is worth noting that this is the defendant's 2nd positive drug test and 1st challenged while on pretrial release.

5th Violation Report (May 31, 2017). However, the court held this violation in abeyance and heard the Defendant's plea on September 6, 2018. The court deferred acceptance of his guilty plea for a period of two (2) years. Deferred Plea Agreement at 4 (Sept. 7, 2018). During this deferred period, Defendant Evangelista was required to attend the Adult Drug Court I Program in

addition to paying a fine, completing community service, and complying with other imposed conditions. *Id.* at 4–6.

**B. Defendant Evangelista's Violations in Adult Drug Court I**

During his participation in the Adult Drug Court I Program ("Adult Drug Court"), Probation filed four (4) more violations against the Defendant. For the first violation, the report indicated that the Defendant:

> Failed to attend a weekly group counseling session. The probationer is required to attend a weekly group counseling session every Monday from 3:30pm to 5:30pm and failed to attend on October 1, 2018.
>
> This marks the probationer's 1st offense no show for weekly group counseling session in Phase I of the ADC I Program.

1st Violation Report (PHASE I) (Oct. 4, 2018). Despite testing negative after this violation, Probation filed another violation on October 31, 2018. For the second violation, the report indicated that the Defendant:

> Failed to refrain from ingesting/consuming illegal controlled substances. On October 22, 2018, the probationer submitted to a drug test at the Probation Office which yielded presumptive positive results for cocaine. The probationer admitted via written declaration to using cocaine on October 21, 2018.
>
> This marks the probationer's 1st positive and 1st admission since entering Phase I of the Adult Drug Court I program.

2nd Violation Report (PHASE I) (Oct. 31, 2018). The court addressed the second violation and ordered the Defendant to write a reflection paper as a sanction. Progress Hr'g Mins. at 10:42:33AM (Nov. 9, 2018). On November 29, 2018, Probation filed a third violation against the Defendant.

For the third violation, the report indicated that the Defendant:

> 1) Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report for drug testing every Monday, Wednesday,

Friday, and as instructed and failed report on the following dates: November 16th and 21st, 2018.

2) Failed to attend weekly case manager meetings. The last case manager meeting occurred on October 29, 2018.

3) Failed to attend and submit attendance for three sober support/recovery meetings per week. The probationer is currently lacking 26 meetings.

3rd Violation Report (PHASE I) (Nov. 29, 2018). During a Progress Hearing, the court addressed the Defendant's third violation and imposed a sanction of two (2) days at DOC, which the court suspended. Progress Hr'g Mins. at 10:23:12AM (Nov. 30, 2018). However, the Defendant received his fourth violation a week later. For the fourth violation, the report indicated that the Defendant:

1) Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report for drug testing every Monday, Wednesday, Friday, and as instructed and failed report on the following November 30, 2018.

2) Failed to refrain from ingesting/consuming illegal controlled substances. On December 3, 2018, the probationer submitted to a drug test at the Probation Office which yielded presumptive positive results for methamphetamine. The probationer admitted to smoking the drug "meth" on November 30, and December 1, 2018.

This marks the probationer's 2nd positive drug test and 2nd admission since entering Phase I of the ADC program.

4th Violation Report (Phase I) (Dec. 5, 2018). At a Progress Hearing held on December 14, 2018, the court issued a Summons for Defendant Evangelista's appearance at the next scheduled Progress Hearing. Summons (Dec. 17, 2018). Unfortunately, the Defendant's absence at this scheduled hearing led the court to issue a bench warrant for his arrest. Bench Warrant (Dec. 26, 2018). The warrant was eventually returned on August 7, 2023. After his release on August 25, 2023, the Defendant filed a Stipulated Order and Judgment, which transferred the Defendant from Adult Drug Court to traditional probationary supervision. Stip. & Order (Aug. 31, 2023). In

addition to this transfer, the court entered the Defendant's guilty plea and eliminated the benefit of dismissal and expungement upon disposition of his case. *Id.* at 2.

## C. Defendant Evangelista's Violation on Traditional Probation

Since his transfer from Adult Drug Court to traditional probationary supervision, Probation filed one (1) more violation against the Defendant. For this violation, the report indicated that the Defendant:

> Failed to report for intake and processing after release from the Department of Corrections (DOC). The Probationer was released from DOC on August 25, 2023. The Court ordered that he report to the Probation Office on August 28, 2023 by 9:00 a.m. for intake and processing; he failed to do so. Attempts to contact the Probationer have been unsuccessful.

1st Violation Report (Oct. 4, 2023). Although the court scheduled a Progress Hearing eon November 21, 2023, Defendant Evangelista failed to appear for it. As a result, the court issued a bench warrant for his arrest. Bench Warrant (Nov. 29, 2023). On June 4, 2024, the warrant was returned. During a Progress Hearing, the court set the matter for a Revocation Hearing on August 22, 2024, which the court rescheduled for October 22, 2024. Prior to that, the People filed its Motion to Revoke the Defendant's Probation ("Motion") on September 18, 2024. The Defendant subsequently filed his Opposition to the People's Motion on October 7, 2024.

At the Revocation Hearing, Probation laid out the Defendant's history in this case, such as the how long he absconded for, his violations, and warrants of arrest. The People argued due to the Defendant's failure to comply with conditions in the past that it is unlikely he will be able to comply with the court's order if not revoked at this time. Rev. Hr'g Mins. at 10:06:47–08:09AM (Oct. 22, 2024). When arguing against revocation, the Defendant alternatively requested a sentence of less than three (3) years should the court revoke his probation. *Id.* at

10:10:00–10:39AM. After hearing the parties' arguments, the court took the matter under advisement.

## DISCUSSION

If the court finds that the Defendant has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order," it may revoke probation and sentence or resentence the offender. 9 GCA § 80.66(a)(2). If a court chooses to revoke probation, the court may sentence the defendant to any sentence that may it have originally imposed. 9 GCA § 80.66(b). However, it shall not revoke probation for violation of a condition unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances. 9 GCA § 80.66(a)(2).

The Supreme Court of Guam held that "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26 (quoting *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997)). To revoke a Defendant's probation, the court must make two determinations. First, the court must "make a factual determination that a violation of a condition of probation has actually occurred." *Camacho*, 2009 Guam 6 ¶ 27 (quoting *Parker*, 676 N.E.2d 1083 at 1085). If the violation is proven, then the court must "determine if the violation warrants revocation of probation." *Id.*

### A. The Defendant violated the conditions of his probation.

The standard for determining whether a probationer violated a condition of probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Camacho*, 2009 Guam 6 ¶ 30 (quoting *People v. Angoco*, 1998 Guam 10 ¶ 7). When facing revocation, "the

defendant bears the burden of showing an excuse for failure to comply with the condition." *Id.* (quoting *State v. Peters*, 609 A.2d 40, 43 (N.J. 1992)).

In this case, the Defendant had accumulated: five (5) violations on pretrial release; four (4) violations in Adult Drug Court; and one (1) violation on traditional probation. The court can make a factual determination that all these violations actually occurred, as evidenced by the Defendant's declarations to the violations, his positive test results, and his admission on the record to the violations. Based on the violation reports, Probation's testimony at the Revocation Hearing, and the parties' arguments, the court finds that the Defendant has violated multiple conditions of his probation on several occasions.

**B. The Defendant's violations warrant revocation of probation.**

With regard to probation revocation, the Supreme Court of the United States has noted that "the State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means . . . [T]he state is not powerless to enforce judgments against those financially unable to pay a fine. For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine." *Bearden v. Georgia*, 461 U.S. 660, 671–72 (internal citations and quotations omitted).

As mentioned earlier, the court may revoke probation if it finds that the probationer has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order." 9 GCA § 80.66(a)(2). In other words, a probationer's violation of probation warrants revocation when the violation upsets the intent of the probation conditions. In *Camacho*, the Supreme Court of Guam held that the probationer's failure to report for drug testing was serious enough to warrant revocation when considering the condition being violated was treatment. *Camacho*, 2009 Guam

6 ¶ 32. Despite not paying the fine as required under probation, the Supreme Court of Guam reasoned that failure to pay a fine alone was not as serious as not reporting for drug tests, because the defendant was convicted of drug-related offenses and had drug testing listed as a probation of condition to ensure the defendant remained sober. *Id.*

In this case, Probation stated that all conditions are still pending Defendant Evangelista's completion. The People argued that rather than comply with probation, the Defendant has done nothing and has not availed himself to the supportive services designed to protect society. Ppl.'s Mot. Revoke at 6 (Sept. 17, 2024). During the Revocation hearing, Probation clarified for the court that although he absconded for five (5) years and six (6) months, he was not picked up on any new cases. Rev. Hr'g Mins. at 10:04:42–14:30AM (Oct. 22, 2024). The Defendant indicated to the court that "his addiction took over his judgment to follow the court's order." *Id.* at 10:13:26–14:06AM.

The substantial requirement imposed as a condition in this case is the Defendant's completion of treatment. The purpose of a condition for treatment is sustained sobriety; however, sobriety becomes unattainable without the right support. Pursuant to the Defendant's deferred plea agreement, the court previously ordered the Defendant's attendance and completion of the Adult Drug Court Program, which he fully understood when the court deferred its acceptance of his guilty plea.

The court is aware of the difficulties in dealing with addiction. However, the Defendant cannot expect to overcome his addiction if he will not put in the effort to attend and complete treatment programs provided to him. Before his termination from Adult Drug Court, the Defendant did make some progress towards completing his community service hours through counseling. But rather than move forward in the program, the Defendant absconded from the court

for five (5) years. Rather than revoke him outright, the court gave the Defendant an opportunity to get back in compliance with probation by transferring him to traditional probationary supervision. Although he no longer was able to benefit from a dismissal and expungement, this transfer reduced his check-in requirements with Probation and allowed him more time to complete treatment.

Unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances, the court shall not revoke probation for violation of a condition. 9 GCA § 80.66(a)(2). While the court commends the Defendant for accepting responsibility for all the violations, the Defendant has shown that he cannot complete treatment on his own based on his minimal amount of progress since the court transferred him out of Adult Drug Court in 2023. In Guam, the Department of Corrections provides a Residential Substance Abuse Treatment ("RSAT") program for its inmates who are battling addiction. Rather than leave the Defendant to seek treatment on his own, the court believes that it is in the best interests of the public and will best satisfy the ends of justice to allow the Department of Corrections to supervise and assist the Defendant on his path to recovery through the RSAT program.

Because the Defendant has inexcusably failed to comply with treatment as a substantial condition of his probation, the court finds that revocation of the Defendant's probation will best satisfy the ends of justice and the best interests of the public. Therefore, the court grants the People's Motion to revoke the Defendant's probation.

## CONCLUSION

For the reasons stated above, the court hereby **REVOKES** Defendant Titian Jayce San Nicolas Evangelista's probation in the above-captioned matter.

A scheduled date for the Defendant's Sentencing Hearing shall be forthcoming.

**SO ORDERED** this ___JAN 0 3 2025___.



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
Copy of the original was e mailed to
_AG, APD_

Date _1/3/25_ Time. _4:41pm_
_Albert Caldu Cm_
Deputy clerk , Superior Court of Guam